# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH D. SANDERS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:20-CV-1246 AGF |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon review of the complaint and filings of self-represented plaintiff Joseph D. Sanders. For the reasons explained below, this case will be transferred to the United States District Court for the Western District of Missouri.

### Plaintiff's Filings in this Case

Plaintiff brings this 42 U.S.C. § 1983 action against defendants Missouri Department of Corrections ("MDOC"), Corizon Health, and Missouri Governor Michael Parsons.[1] Plaintiff's allegations are difficult to decipher but he seems to be asserting that a correctional officer at Fulton Reception & Diagnostic Center ("FRDC") tried to have him killed because he had previously filed cases with the federal courts alleging violations of his constitutional rights at FRDC. ECF Nos. 1 at 4, 4 at 1-2. According to the allegations, plaintiff was confined at FRDC as a convicted Missouri prisoner from August 2019 until he was released on parole in January 2020. ECF No.

---

[1] In the caption of his complaint, plaintiff names two defendants: Missouri Department of Corrections ("MDOC") and Corizon Health. ECF No. 1 at 1. However, in the 'Parties to this Complaint' section of his filing, plaintiff names a different two defendants: MDOC and Missouri Governor Michael Parsons. *Id.* at 2-3. The Court will consider all three (MDOC, Corizon Health, and Michael Parsons) as named defendants in this matter and directs the Clerk of Court to update the docket sheet accordingly.

1 at 4.  After his release, plaintiff met a Stephanie Edwards, who he later learned was the daughter of a correctional officer at FRDC.  Plaintiff claims that defendants issued a "murder contract" on him, resulting in six attempts on his life.  *Id.*

Plaintiff further explains the attempts on his life in a letter filed with the Court.  Plaintiff states that a FRDC correctional officer Edwards used his daughter, Stephanie Edwards, and other MDOC employees to make "6 attempts of assassination" of him between February 24 and March 5, 2020.  ECF No. 4 at 1.  Plaintiff alleges that hit men chased him out of Missouri and into Arkansas, where his mother resided.  While fleeing from them, plaintiff had to climb through the ceiling into his mother's neighbor's apartment.  Plaintiff was subsequently arrested and charged with burglary.  *Id.* at 1-2.  He also received probation violations for leaving the state of Missouri without permission, and for the burglary charges.  ECF No. 8.

After plaintiff was reincarcerated at FRDC due to the probation violations, he alleges that his constitutional rights were again violated; that the "guards … refuse[d] to sign any documents on the murder set up and refuse[d] to call Internal Affairs;" and that the guards were singling him out and "hiring prison gangs to set up new murder contracts."  ECF No. 1 at 4.  Plaintiff further alleges that he has written to Governor Michael Parsons about his situation and that if he dies the "blood [is] on Mike Parsons hands."  *Id.*

On September 29, 2020, plaintiff filed a letter with the Court making multiple requests, including discovery requests and the appointment of a public defender.  ECF No. 7.  However, plaintiff also requested a "change of venue and address to United States District Court Western District of Missouri."  *Id.* at 1.  Plaintiff further characterized this request as "a motion for change of venue to Western District Missouri … based on miss information of location area of

United States Courts Western District of Missouri and the County [plaintiff is] located in." *Id.* at 2. At the time of filing, plaintiff was located at FRDC, which is in Callaway County, located within the jurisdiction of the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4). On October 7, 2020, the Court received notice that plaintiff had moved from FRDC to Moberly Correctional Center, where he is currently confined. ECF No. 9.

## Discussion

To the extent that plaintiff's letter can be interpreted as a motion to transfer this case to the United States District Court for the Western District of Missouri, this relief will be granted. Under 28 U.S.C. § 1391(b), a civil action of this type may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Here, plaintiff's claims involve alleged wrongdoing at FRDC and by FRDC employees located in the Western District of Missouri. Presumably most witnesses are also located in the Western District. In addition, the office of Missouri Governor Parsons is in Jefferson City, Missouri, which is in Cole County, in the Western District. Therefore, the Court

-3-

concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri for all further proceedings.

Furthermore, plaintiff has three pending motions before the Court. Plaintiff filed two motions to proceed in the district court *in forma pauperis*, or without prepaying fees or costs.[2] ECF Nos. 2, 10. Having reviewed the application and the financial information submitted in support, the Court will grant the first motion to proceed *in forma pauperis* subject to modification by the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1915(a). The second, duplicative motion will be denied as moot. Plaintiff also filed a motion for appointment of counsel. ECF No. 3. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). As such, the Court will deny plaintiff's motion for appointment of counsel without prejudice at this time, subject to refiling in the transferee court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's letter [ECF No. 7], interpreted as a motion for change of venue, is **GRANTED** in part. The Clerk of Court shall **TRANSFER** this case to

---

[2] The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. But this section does not apply unless the inmate litigant has three strikes when he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006).

A review of cases filed by plaintiff in the United States District Court for the Eastern District of Arkansas, referenced by plaintiff in his pleadings, indicates that plaintiff has "three strikes" under 28 U.S.C. § 1915(g). *See Sanders v. Does*, No. 4:20-cv-394-LPR, ECF No. 7 (E.D. Ark. dismissed Aug. 31, 2020); *Sanders v. Gordin*, No. 4:20-cv-425-LPR, ECF No. 7 (E.D. Ark. dismissed June 4, 2020); *Sanders v. Does*, No. 4:20-cv-510-KGB, ECF No. 6 (E.D. Ark. dismissed Sept. 15, 2020); *Sanders v. Trump*, No. 4:20-cv-1096-SWW, ECF No. 13 (E.D. Ark. dismissed Oct. 27, 2020). However, plaintiff filed this suit on September 11, 2020 – prior to the issuance of the third strike by the Arkansas district court.

the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1404(a). All other relief requested in plaintiff's letter [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that plaintiff's second motion to proceed *in forma pauperis* [ECF No. 10] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket sheet in this matter to include three defendants: (1) Missouri Department of Corrections; (2) Corizon Health; and (3) Michael Parsons (Governor, State of Missouri).

**IT IS FINALLY ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice** at this time.

Dated this 17th day of November 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE